# NO. 12-10-00026-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: CLAUDIA P. TOVAR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Claudia P. Tovar, the relator, seeks a writ of mandamus compelling the trial court to provide her with an interpreter at all court hearings in the underlying proceeding without prepayment of the interpreter's fee. Tovar also asks that the writ direct the trial court to remove the case from its dismissal docket.[1] We deny the petition.

## BACKGROUND

This proceeding arises from a divorce and child custody action in which Tovar is the petitioner. Tovar is indigent.[2]

Tovar filed a motion for an interpreter in the trial court alleging that she is a Spanish speaker and does not comprehend or communicate in English. Attached to her motion was a proposed order stating, in part, "that the fees and expenses of the court interpreter for services shall be paid from the general fund of Smith County." The trial court appointed an interpreter, but, without stating a reason, denied Tovar's request that Smith County pay the fee. Tovar moved for, and the trial court denied, reconsideration of the order regarding payment of the

---

[1] The respondent is the Honorable Carole W. Clark, Judge of the 321st Judicial District Court, Smith County, Texas. The real party in interest is Efren Mota Sanchez, who has been served with citation in the underlying action but has not entered an appearance.

[2] Tovar is represented by Lone Star Legal Aid and filed an affidavit of indigency as well as an IOLTA certificate. A party's affidavit of inability accompanied by an attorney's IOLTA certificate may not be contested. TEX. R. CIV. P. 145(c).

interpreter's fee. The interpreter then notified Tovar's counsel that she would not appear in court without prepayment of her fee. At the final hearing, Tovar did not proceed because the interpreter did not appear, and the case was placed on the trial court's dismissal docket. Tovar then filed this original proceeding.

Approximately one month later, the trial court vacated its order denying Tovar's motion for reconsideration, and issued another order denying the motion. This second order did not address payment of the interpreter's fee. But the trial court did not remove the case from the dismissal docket or indicate that Smith County would pay the interpreter's fee. Tovar filed a motion for emergency relief.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary writ that should issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 471 (Tex. 2008) (orig. proceeding). Thus, mandamus is granted only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). An appellate remedy is "adequate" when any benefits to mandamus review outweigh the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

The relator has the burden of establishing both prerequisites to mandamus. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304 (Tex. 1994) (orig. proceeding).

### ABUSE OF DISCRETION

Tovar contends that because she is indigent, Smith County should be ordered to pay the interpreter's fee. She argues that in failing to order this payment, the trial court has effectively denied her a meaningful forum in which to complete her divorce because she does not comprehend or communicate in English. According to Tovar, this failure violates the due

process and equal protection guarantees of the United States Constitution and constitutes a clear abuse of discretion by the trial court.

A court may select and appoint an interpreter and "fix the interpreter's reasonable compensation." TEX. R. CIV. P. 183. But the interpreter must be "paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court." *Id*. Tovar requested that the interpreter's fee be paid from Smith County's general fund. But Tovar does not address rule 183 in her briefing. Thus, she provides no argument or authority supporting a conclusion that the term "funds provided by law," as used in the rule, encompasses a county's general fund. Consequently, Tovar has not established that the trial court has the authority to order payment of the interpreter's fee from Smith County's general fund. Without a showing that the trial court has that authority, Tovar cannot establish that the trial court clearly abused its discretion in failing to issue the requested order.[3]

## DISPOSITION

Because Tovar has not shown a clear abuse of discretion by the trial court, she has not established the first prerequisite to mandamus. Therefore, we need not address the second prerequisite—whether she has an adequate remedy by appeal. *See* TEX. R. APP. P. 47.1. Tovar's petition for writ of mandamus is ***denied***. Tovar's Motion for Emergency Relief is ***denied***.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 15, 2010.
*Panel consisted of Worthen, C.J., and Griffith, J.*
*Hoyle, J., not participating.*

(PUBLISH)

---

[3] Because Tovar has not shown that the trial court has the authority to issue the order she seeks, we do not address Tovar's constitutional claims and express no opinion on their merits.

3